**Johnson CARTER, Petitioner,**

v.

**Brian F. BENNETT, Esq., Respondent.**

**No. 05–C–524–C.**

United States District Court,
W.D. Wisconsin.

Nov. 17, 2005.

Johnson Carter, pro se.

## ORDER

CRABB, District Judge.

On October 28, 2005, I denied petitioner Johnson Carter leave to proceed *in forma pauperis* in this action and dismissed the case for lack of jurisdiction. However, because petitioner was a prisoner at the time he filed the case, he is subject to the 1996 Prison Litigation Reform Act. Therefore, in the order of dismissal, I directed that he pay the balance of the fee for filing his complaint in monthly payments as prescribed in 28 U.S.C. § 1915(b)(2). Now petitioner has submitted a letter dated November 10, 2005, in which he appears to be asking the court to allow him to pay the fee balance from his release account. The request will be denied.

In another case filed in this court, *Collins v. Green*, 97–C–669–C ( W.D. Wis. Sept. 26, 1997), I addressed the question whether release account funds should be considered for the purpose of calculating the initial partial payment or collecting the remainder of the fee owed by a prisoner subject to the Prisoner Litigation Reform Act. I looked to the language of 28 U.S.C. §§ 1915(a) and (b), the fee assessment and collection provisions of the federal statute, and concluded that Congress's reference in these provisions to a single "trust fund account" or "prisoner account" signaled no intent on the part of Congress that the district courts were to exclude from consideration sums in an inmate's release account. Subsequently, the state of Wiscon-

sin took the position that, with respect to initial partial payments under the supremacy clause, the Prisoner Litigation Reform Act supersedes any restrictions state law imposes on the availability of funds in a prisoner's release account. Therefore, if a petitioner does not have sufficient funds in his regular account to pay the full amount of the initial partial payment assessed to him, then prison officials will draw funds first from the prisoner's regular account and any portion of the initial partial payment remaining from the prisoner's release account fund.

However, there is no reason for the state to take the position that under circumstances such as those existing here, the supremacy clause requires it to turn over from a prisoner's release account a lump sum payment that would satisfy the full amount of the prisoner's filing fee debt. This is because 28 U.S.C. § 1915(b)(2), the provision governing the collection of the balance of the filing fee, is not written in the same way as the provision dealing with initial partial payments. In the initial partial payment provision, Congress directed the district courts to consider two things: how much money on average monthly a prisoner had deposited to his prison account, and how much money on average monthly the prisoner saved or carried as a balance for a six-month period immediately preceding the filing of his lawsuit. The initial partial payment is required to be paid from 20% of the greater of these two figures. By including for consideration sums a prisoner has been saving or carrying as a balance for six months prior to the filing of his lawsuit, Congress made it clear that it did not intend to exclude from consideration money that a prisoner might carry in a release account.

However, once the initial partial payment has been made, the fee collection provision of the statute directs that the remainder of the filing fee is to be paid in monthly payments amounting to "20 percent of the preceding month's income credited to the prisoner's account." Nothing in this language can be interpreted as congressional intent that prisoners deplete savings or release account balances in order to pay off their filing fee debts. It is reasonable to understand the federal statute to require the state law restricting access to a prisoner's release account to give way under the supremacy clause if, for example, all of one month's income was credited to a prisoner's release account. Under that circumstance, 20% of the amount credited would be required as the next month's payment toward the prisoner's filing fee obligation. Similarly, if in one month a portion of an inmate's income was to be deposited to his release account, I understand the language of the statute to require that 20% of whatever that portion is could be taken from the release account toward the next month's payment. However, if in a given month none of an inmate's "income" went into his release account, then the statute would not require any of the next month's payment to be taken from the release account. Under this scenario, there would be no basis for the state to view the federal statute as overriding the state law restricting the use of release account funds.

Because nothing in the fee collection provision of § 1915 can be read as requiring the state to allow a prisoner to pay off the balance of a federal court filing fee from money carried over several months in his release account, petitioner's request for an order allowing him to pay the full fee for filing his complaint from his release account will be denied.

IT IS ORDERED that petitioner's request for an order permitting him to pay

from his release account the balance of the filing fee he owes in this case is DENIED.